UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

COURT FILE NO.: 2:09CV1013-WKW

RECEIVED
2009 NOV -2  P 4:49

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| Keri Ducker,<br><br>*Plaintiff,*<br>v.<br><br>Phillips & Cohen Associates, Ltd., a foreign corporation, a/k/a Portfolio Asset Group,<br><br>*Defendant.* | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and out of the invasions of Plaintiff's personal and financial privacy by Defendant and its agents in an illegal effort to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Keri Ducker is a natural person who resides in the City of Eufaula, County of Barbour, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Phillips & Cohen Associates, Ltd. (hereinafter referred to as "Phillips" or "Defendant"), a/k/a Portfolio Asset Group, is a foreign corporation and collection agency

operating from an address of 1002 Justison Street, Wilmington, Delaware 19801. Furthermore, Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Sometime prior to 2009, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, an account with HSBC, account number ending in 2328.

7. On or about March 27, 2009, with the Palmer Firm, P.C. acting as her agent, Plaintiff reached an agreement with HSBC to settle the debt for $562.23. Under the terms of this agreement, such sum in the amount of $562.23 had to be paid on or before April 10, 2009.

8. On or about April 8, 2009, the Palmer Firm, P.C. forwarded check number 54013 to HSBC via United Parcel Service - overnight delivery.

9. On or about April 10, 2009, the aforesaid check cleared and was deposited into a bank account owned by HSBC.

10. On or around July 3, 2009, Defendant sent Plaintiff a collection letter referencing the debt.

11. The above-described collection communication made to Plaintiff by Defendant, its agents, representatives and/or employees, was made in violation of numerous and multiple provisions of the FDCPA, including, but not limited to, 15 U.S.C. § 1692f(1) and 15 U.S.C. § 1692c(5).

12. Defendant's conduct, i.e. harassing Plaintiff in an effort to collect this debt, was a violation of numerous and multiple provisions of the FDCPA, including, but not limited to, all of the above mentioned provisions of the FDCPA, and state common laws.

13. Defendant's abusive collection communication, as more fully described above, was the direct and proximate cause of severe emotional distress on the part of Plaintiff.

14. Plaintiff has suffered actual damages as a result of this illegal collection communication by Defendant in the form of anger, anxiety, emotional distress, fear, frustration, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal and financial privacy.

## TRIAL BY JURY

15. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT ONE - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, *et seq.*

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, *et seq.*, with respect to Plaintiff.

18. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT TWO
## INVASION OF PRIVACY

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Defendant's conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

21. Defendant's actions were done so maliciously, without privilege, and with a willful intent to injure Plaintiff.

22. As a proximate consequence of Defendant's invasion of Plaintiff's privacy, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendant is liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT THREE
## HARASSMENT

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Defendant's attempts to collect upon an invalid debt were harassing and offensive to Plaintiff.

25. Likewise, such harassing communication was performed with malice and the intent to injure Plaintiff.

26. As a proximate consequence of Defendant's harassment, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendant is liable to Plaintiff for actual,

compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT FOUR
## NEGLIGENCE

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendant owed a duty of care to Plaintiff to refrain from collecting upon an invalid debt, i.e. debt that had previously been settled.

29. Defendant breached the aforesaid duty owed to Plaintiff.

30. Because of Defendants' breach of said duty, Plaintiff has been caused to suffer mental anguish, emotional distress, loss of sleep and forced to retain the services of an attorney to prosecute this matter.

## COUNT FIVE
## DECLARATORY AND INJUNCTIVE RELIEF

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. A dispute exists as to whether Defendant has violated the FDCPA or state law.

33. Plaintiff is entitled to injunctive relief, a declaratory judgment, and a determination that Defendant violated the FDCPA and state law, and Plaintiff is similarly entitled to an order enjoining said acts.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant, jointly and severally:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

- for an award of punitive damages pursuant to the state law causes of action; and

- for such other and further relief as may be just and proper.

Dated: 10/26/09

Respectfully submitted,

LEWIS, BUSH & FAULK, LLC

By: _____
Anthony Brian Bush (BUS028)
Attorney I.D.#ASB-7306-A54B
400 South Union Street, Suite 230
Montgomery, Alabama 36104
Telephone: (334) 263-7733
Facsimile: (334) 832-4390
Email: anthonybbush@yahoo.com

**Defendant may be served at the following address:**

**Phillips & Cohen Associates, Ltd.**
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

-6-